# Thyele M. Lamb, Trading as Lamb & Company, *v.* J. Louis Kates, Appellant.

*Brokers—Real estate commissions—Evidence—Sufficiency—Case for jury.*

In an action by a real estate broker to recover commissions earned in the sale of real estate, it appeared that the plaintiff was employed by the defendant to sell his property.   It also appeared that the plaintiff having seen an advertisement of one desiring to purchase a property similar to that of the defendant, called the attention of the advertiser to such property.   Subsequently a sale having been made the plaintiff claimed his commission.

438, (1925).]     Syllabus—Statement of Facts.

At the trial the court submitted to the jury the question of whether or not the sale was the direct result of plaintiff's efforts.

*Held,* that the disputed issue was properly submitted and a verdict for the plaintiff should be sustained.

Argued October 30, 1924.   Appeal, No. 180, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, No. 566, March T., 1922, on verdict for plaintiff, in the case of Thyele M. Lamb, trading as Lamb and Company, v. J. Louis Kates.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit to recover commissions on the sale of real estate, Before KNOWLES, J.

From the record it appeared that defendant had submitted his property to several real estate agents for sale at a definite price, with the stipulation that the one who sold it should receive the commissions.   Among those agents, to whom the property was submitted, was the plaintiff.

The plaintiff, having noticed an advertisement asking for a property similar to that of the defendant, answered the advertisement, calling attention to the defendant's property.   Sometime afterwards he received a call from the agent of the person, who subsequently purchased the property.   The plaintiff supplied him with data concerning its property but the actual sale was made directly with the purchaser or his agent.   Plaintiff thereupon claimed his commissions, which were refused by the defendant.

Verdict for plaintiff in the sum of $480.25 and judgment thereon.   Defendant appealed.

*Errors assigned* were various rulings on evidence, charge of the court and answers to points.

*Alexander M. DeHaven,* for appellant.

*David L. Ullman,* and with him *Sundheim, Folz & Kun,* for appellee.

PER CURIAM, February 27, 1925:

Every disputed question in this case was fairly referred to the jury, and it was instructed several times that before the plaintiff could recover, he must convince the jury from his evidence that it was through his efforts that the sale was made; in other words, that he was the direct, immediate and efficient cause of the sale. The motion for judgment non obstante veredicto was urged upon a single allegation of error,—that under all the evidence in the case, the verdict should be for the defendant.

We find no reversible error in the record and affirm the judgment as entered on the verdict.